## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PROJECT FOR PRIVACY AND
SURVEILLANCE ACCOUNTABILITY,
INC.
1101 Connecticut Ave. NW, Ste. 450
Washington, DC 20036,

                    Plaintiff,

      v.

PRIVACY AND CIVIL LIBERTIES
OVERSIGHT BOARD,
800 N. Capitol St., NW, Ste. 565
Washington, DC 20002,

              Defendant

**COMPLAINT**

1:21-cv-1566

## Introduction

1.      This Freedom of Information Act (FOIA) suit seeks records from
Defendant the Privacy and Civil Liberties Oversight Board (the Board). *See* 5 U.S.C.
§ 552. These records and the information they contain are necessary to answer
questions of national significance regarding: the process by which the Board, in
coordination with the U.S. Intelligence Community (IC), makes decisions about the
creation and distribution of its publicly disclosed reports; and whether, and under
what circumstances, the Board censors itself at the direction of IC elements subject
to its oversight.

2.      To answer these pressing questions more fully, the Project for Privacy
and Surveillance Accountability, Inc. ("PPSA"), the Plaintiff in this action, sent a
FOIA request to the Board on September 16, 2020. But it has not received a

substantive response from the Board as required by law. PPSA brings suit to compel that response.

## Jurisdiction and Venue

3.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.    Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.    Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional and statutory limitations.

6.    Defendant the Privacy and Civil Liberties Oversight Board is an independent agency within the Executive Branch of the United States Government. The Board has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

7.    FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory

exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

8.      Plaintiff's request in this case concerns the Board's response to a previous FOIA request made on or about April 23, 2019 by Patrick Eddington of the Cato Institute (the "Eddington Request"). Among other things, that request asked the Board for: Board reports on federal activities conducted pursuant to Executive Order 12333, and correspondence to or from the Board regarding refusals by any federal department or agency to provide information requested by the Board as part of its oversight mission. Plaintiff was troubled by public reporting that the Board, in withholding information responsive to the Eddington Request, appeared to have done so, at least in part, at the direction of an agency subject to the Board's oversight.

9.      Plaintiff therefore attempted to obtain records from the Defendant Board via FOIA. As described more fully below, plaintiff sought records from the Defendant relating to the Eddington Request and the Board's interactions with members of the IC.

10.      On September 16, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit A, to the Board's FOIA officer via overnight delivery. The letter requested the following:

> **1. Any agency records mentioning the Eddington Request or any denial or other response thereto, whether originating in or received by the Board or any federal department, agency, or component implicated by such request.**
>
> **2. To the extent not responsive to any other request herein, any other agency records (i) referenced in any Board report, review, analysis, or advice on IC activities under Executive Order 12333; (ii) relied upon in the Board's preparation of any such report, review,**

analysis, or advice; and (iii) otherwise originating in or received by the Board incident to the preparation of any such report, review, analysis, or advice, including but not limited to any written communications or other records regarding the cooperation, or failure to cooperate, of any department, agency, or element whether or not in reference to 42 U.S.C. § 2000ee(g)(4).

3. To the extent not responsive to any other request herein, any other agency records regarding any past or current FOIA request concerning IC activities under Executive Order 12333 or any denial or other response thereto, whether originating in or received by the Board or any federal department, agency or component implicated by such request.

The date range of the request generally encompassed records between August 3, 2007 and September 16, 2020.

11.     Via shipment tracking, Plaintiff has confirmed that its FOIA request was delivered to the Board on September 18, 2020. As of the date of this complaint, the Board has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the Board intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

12.     Although more than thirty business days have passed since the Board received Plaintiff's FOIA request, the Board has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

13.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the Board has wrongfully withheld them.

4

## Count One: Freedom of Information Act

**Defendant is required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests**

14.    Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

15.    FOIA's administrative exhaustion requirement required Defendant to determine whether to comply with Plaintiff's requests within the time limits set by FOIA—namely, within twenty business days or, in "unusual circumstances," within thirty business days. 5 U.S.C. § 552(a)(6)(A)–(B). At the latest, that time period began to run upon the Board's receipt of the request on September 18, 2020. 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, the Board's determinations were due, at the latest, on October 19, 2020.

16.    At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations. See, e.g., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

17.    Defendant did not perform any of the required activities by the applicable statutory deadlines.

18.    Consequently, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(A), (C)(i), (ii).

19.   Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA.

20.   Plaintiff is entitled to receive all responsive non-exempt records from Defendant forthwith.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Order Defendant to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order Defendant to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA request, and *Vaughn* indices of any responsive records withheld under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

D. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr

GENE C. SCHAERR (D.C. Bar No. 416638)
   *Counsel of Record*
SCOTT GOODWIN*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Counsel for Plaintiff PPSA, Inc.*

*Application pending for admission to the D.C. Bar. Practicing under the supervision of D.C. bar members pursuant to Rule 49(c)(8).